UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN SEIBERT, Trustee, et al., | ) | CASE NO. 1:16CV2984 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF REMAND |
| DONALD PHENICIE, Trustee, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiffs to remand this case to the Crawford County Common Pleas Court. (Doc. No. 12 ["Mot."].) The remaining defendants have failed to file a response to the motion, and the time for responding has passed. For the reasons discussed below, the unopposed motion to remand is granted.

I. BACKGROUND

On November 7, 2016, plaintiffs, property owners, brought suit in state court against certain property-owning trusts ("trust defendants"), the State of Ohio, Department of Transportation, and Rover Pipeline LLC ("Rover"). On its face, the complaint raised only state law claims for breach of contract, trespass, appropriation, tortious interference, and nuisance. Plaintiffs seek compensatory and punitive damages, as well as mandamus and injunctive relief pursuant to state statutory law.

On December 13, 2016, Rover removed the action to federal court on the basis of federal question jurisdiction, maintaining that this Court had original subject matter jurisdiction because plaintiffs' claims against it arise under the Natural Gas Act, 15 U.S.C. § 717, inasmuch as it is a

"natural gas company and once Rover commences service" as set forth in the complaint, "it will be engaged in the transportation of natural gas in interstate commerce, subject to FERC's jurisdiction under the Natural Gas Act, 15 U.S.C. §§ 717 et seq." (Doc. No. 1 (Notice of Removal) ¶ 4.) Accordingly, Rover represented that the action could be removed to this Court pursuant to 28 U.S.C. § 1441. (*Id.* ¶ 5.) Upon removal, the Court assumed supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

On December 19, 2016, plaintiffs, with the stipulated agreement of Rover, filed a notice of dismissal as to Rover, purporting to dismiss Rover from the action without prejudice. (Doc. No. 10.) The Court construed the stipulated notice as a motion under Rule 21 and granted the same. (*See* Doc. No. 16.) Contemporaneously with the filing of the notice to dismiss Rover, plaintiffs moved to remand the matter to state court on the ground that the causes of action against the remaining defendants involve only "state issues between Ohio resident parties for which there is no jurisdiction in this Court." (Mot. at 65.)

## II. DISCUSSION

Since the Court permitted Rover to be dismissed from this action, only state law claims remain. The Court may, in its discretion, either retain jurisdiction over those claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009), or decline jurisdiction and remand the complaint to the state court. *See* 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

"Comity to state courts is considered a substantial interest; therefore, [the Court] applies a

strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [any] concern over needlessly deciding state law issues.'" *Packard v. Farmers Inc. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (further citation omitted)). "[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Id*. at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (further citations omitted)).

Here, this matter is in an early pretrial procedural posture. The Court has yet to set any dates and deadlines, and the parties have engaged in no discovery. Additionally, the Court has not had the opportunity to rule on the substance of any of the state law claims. Under these circumstances, judicial economy and the avoidance of multiplicity of litigation do not counsel in favor of retaining this case. Accordingly, the balance of considerations points toward returning the state law claims raised in the complaint to state court. *See Moon*, 465 F.3d at 728 (where federal claims have been dismissed before trial, a federal court ordinarily should not reach the plaintiffs' state law claims) (citations omitted); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) (similar) (citations omitted).

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to remand (Doc. No. 12) is granted, and this matter is remanded to the Crawford County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: January 26, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**